UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

STACEY MENDEZ-CATON et al.,

                Plaintiffs,

        -against-                  **MEMORANDUM AND ORDER**
                                              19-CV-1599 (DLI) (TAM)

CARIBBEAN FAMILY HEALTH
CENTER et al.,

                Defendants.

-----------------------------------------------------------X

**TARYN A. MERKL**, United States Magistrate Judge:

      Stacey Mendez-Caton and Alister Caton ("Plaintiffs") initiated this action against

Caribbean Family Health Center, the United States of America (the "Government"),

NYU Langone Health System ("NYU"), and others ("Defendants") on March 1, 2019.

(Complaint ("Compl."), ECF No. 1; Amended Complaint ("Am. Compl."), ECF No. 8.)

Plaintiffs claim that Defendants negligently administered medical care to Plaintiff

Stacey Mendez-Caton, causing her serious harm and leading to a loss of consortium for

her husband, Plaintiff Alister Caton. (Am. Compl., ECF No. 8, ¶¶ 6–14.)

      Currently pending before this Court is Plaintiffs' motion to compel payment of

expert witness fees related to Defendants' deposition of Plaintiffs' expert witness. (*See*

Motion to Compel Expert Witness Fees ("Pls.' Mot."), ECF No. 50.) For the reasons set

forth below, Plaintiffs' motion to compel is granted in part and denied in part.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

### I. Initial Discovery

Plaintiffs initiated this action in early 2019 (*see* Compl., ECF No. 1), and discovery formally commenced on September 6, 2019 (*see* Sept. 6, 2019 ECF Minute Entry and Order, ECF No. 15). As discovery proceeded in the case, the parties deposed various non-party and party fact witnesses, as well as the Defendants' expert witnesses.[2] The instant motion concerns whether Defendants should be required to pay some or all of the expert witness fees submitted by Plaintiffs' expert, Dr. Burt Greenberg, following his deposition. (*See* Greenberg Invoice, ECF No. 50-2.)

### II. Dr. Greenberg's Reports & Deposition

On January 28, 2021, Plaintiffs filed an expert witness disclosure including Dr. Greenberg's expert report dated December 16, 2019. (*See* Greenberg Expert Disclosure, ECF No. 39; Greenberg Expert Report, ECF No. 39-1.) On May 25, 2021, Defendants provided notice of deposition for Dr. Greenberg. (*See* Notice of Deposition, ECF No. 50-1.) Prior to his deposition, the parties exchanged emails concerning the fee arrangement for Dr. Greenberg's upcoming testimony. (*See* Government's Mem. in Opp'n ("Gov. Opp'n"), ECF No. 53, at 2 ("Before any party conducted any expert depositions, the parties confirmed that the party seeking the deposition would pay for the deposition,

---

[1] This opinion assumes general familiarity with the allegations and procedural history of this case and the related case, *Mendez-Caton, et al. v. Besson, et al.*, No. 19-CV-5066 (DLI) (TAM). All references herein are to the filings in this case, *Mendez-Caton v. Caribbean Family Health Center, et al.*, No. 19-CV-1599 (DLI) (TAM).

[2] Depositions of fact witnesses were held on the following dates: Stacy Mendez-Caton – February 6, 2020 (session 1); Stacy Mendez Caton – May 13, 2020 (session 2); Alister Caton – May 13, 2020; Sam Shahem, M.D. – July 23, 2020; Raisa Ibragimov, M.D. – July 28, 2020; Gail Besson, M.D. – August 3, 2020; Jenna Silverstein, M.D. – August 25, 2020; Erika Ryan, M.D. – October 30, 2020. (NYU Defs.' Response ("NYU Resp."), ECF No. 52, at 2.) Plaintiffs deposed the Defendants' experts on the following dates: Iffath Hoskins – June 17, 2021; Thomasena Ellison, M.D. – June 24, 2021. (*Id.*)

including their respective experts' time giving testimony.").) Dr. Greenberg initially demanded $6,000 for a whole or half day, two weeks ahead of time. (June & July 2021 Email Exchange, ECF No. 50-4, at 5.) The Government responded that, as a matter of policy, they were only able to pay "after-the-fact for work actually performed" but promised that they would pay "the fee for his appearance." (*Id*.)

Defendants deposed Dr. Greenberg on July 28, 2021, from 10:00 a.m. to 1:30 p.m. (NYU Resp., ECF No. 52, at 1.) During the deposition, Dr. Greenberg sought to "edit" his report.[3] (Greenberg Aff., attached as Ex. 1 to Pls.' Reply in Supp. ("Pls.' Reply"), ECF No. 54, ¶ 9.) He further testified that his amended report relied upon an expanded set of documents beyond those he had relied on in preparing his first report, including the other experts' reports, the deposition transcripts of expert and fact witnesses, and two academic articles. (*See* Greenberg Deposition Transcript ("Greenberg Dep."), ECF No. 52-1, at 33:13–34:5.)

Subsequently, as noted above, Dr. Greenberg sent two invoices to Plaintiffs: one totaling $22,185 for 49.3 hours of work, and another for $1,350 for the three hours spent at the July 28, 2021 deposition. (*See* Greenberg Invoice, ECF No. 50-2.) Plaintiffs forwarded these invoices to Defendants, claiming that they documented time spent preparing for and participating in the deposition on July 28, 2021, and asserting that Defendants should pay Dr. Greenberg to satisfy the invoices. (*See* Sept. 2021 Email Exchange, ECF No. 50-3, at 2.) Both Defendants challenged the first invoice as

---

[3] The record shows that sometime prior to his deposition, Dr. Greenberg noticed an error in his report, which caused him to indicate during his deposition that he intended to amend the report. (Greenberg Aff., ECF No. 54, ¶ 9 (stating that a second deposition could have been avoided "if the defendant attorneys had allowed [him] to edit [his] report during the first deposition," but that his "request was repeatedly refused during the course of the deposition").) After his deposition, Plaintiffs filed Dr. Greenberg's revised report on August 4, 2021. (*See* Amended Greenberg Expert Disclosure and Report, ECF No. 42.)

unreasonable, and denied any obligation to pay. (*Id.* at 1, 4.) Defendants agreed that, per their agreement, they would each pay half of the $1,350 that Dr. Greenberg charged for his time in deposition, as reflected in the second invoice. (*Id.* at 4.)

In an affidavit filed as part of Plaintiffs' September 28, 2021 reply, Dr. Greenberg averred that he was actually due payment in the amount of $40,185. (*See* Greenberg Aff., ECF No. 54, ¶ 12.) Specifically, Dr. Greenberg stated he was owed: $22,185 for his initial invoice; $9,000 for the first deposition on July 28, 2021; and $9,000 as a pre-payment for his second deposition. (*Id.*)

On September 16, 2021, Plaintiffs filed the current motion to compel payment of Dr. Greenberg's requested fees. (*See* Pls.' Mot., ECF No. 50.) On October 26, 2021, the Court held a hearing on the motion. (*See* Oct. 26, 2021 ECF Minute Entry and Order; Oct. 26, 2021 Transcript of Proceedings ("Oct. 26, 2021 Tr."), ECF No. 55.)[4] For the reasons set forth below, the Court grants Plaintiffs' motion in part and denies it in part.

## DISCUSSION

### I.  Legal Standard

The Federal Rules of Civil Procedure provide that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A). Pursuant to Rule 26(b)(4)(E), "[u]nless manifest injustice would result, the court must require that the party seeking discovery: [] pay the expert a reasonable fee for time spent in responding to discovery . . . ." Fed. R. Civ. P. 26(b)(4)(E)(i). In implementing this rule, courts aim "to calibrate the fee so that [parties]

---

[4] At the hearing, the Court noted as a threshold matter that the parties had not properly conferred prior to the motion being filed, as required by Fed. R. Civ. P. 37. (*See* Oct. 26, 2021 ECF Minute Entry and Order.) However, following discussion with the parties, the Court and parties concluded that it would be preferable for the Court to rule on the merits of Plaintiffs' motion. (*Id.*)

will not be hampered in efforts to hire quality experts, while [their adversaries] will not be burdened by unfairly high fees preventing feasible discovery and resulting in windfalls to the expert." *Mannarino v. United States*, 218 F.R.D. 372, 374 (E.D.N.Y. 2003) (alterations in original) (quoting *Hurst v. United States*, 123 F.R.D. 319, 320 (D.S.D. 1988)). The party seeking to be reimbursed bears the burden of demonstrating that the fee is reasonable. *See New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 468 (W.D.N.Y. 2002); *Conte v. Newsday*, No. 06-CV-4859 (JFB) (ETB), 2011 WL 3511071, at *2 (E.D.N.Y. Aug. 10, 2011). "However, where the party seeking reimbursement fails to meet its burden, 'the court may use its discretion to determine a reasonable fee.'" *Korabik v. Arcelormittal Plate LLC*, 310 F.R.D. 205, 206 (E.D.N.Y. 2015) (quoting *Solvent Chem. Co.*, 210 F.R.D. at 468).

"Flat fees for experts are generally considered to be unreasonable." *Nnodimele v. City of New York*, No. 13-CV-3461 (ARR), 2015 WL 4461008, at *2 (E.D.N.Y. July 21, 2015). This is because "[i]t is simply not reasonable to require parties in every case to pay the same amount regardless of the actual 'services rendered' or 'time spent complying with the requested discovery.'" *Mannarino*, 218 F.R.D. at 375. Consequently, experts typically must be compensated on "an hourly basis for the hours actually expended in connection with a deposition." *Kreyn v. Gateway Target*, No. 05-CV-3175 (ERK) (VVP), 2008 WL 2946061, at *1 (E.D.N.Y. July 31, 2008).

When evaluating an expert's requested fee, courts also consider the reasonableness of the number of hours claimed. *See, e.g.*, *Mannarino*, 218 F.R.D. at 374–75. Fees are unreasonable when the hours claimed by the expert are either unrelated to that expert's deposition or are excessive. *See id.* at 375 ("Courts expect 'some reasonable relationship between the services rendered and the remuneration to which an expert is entitled.'") (quoting *Anthony v. Abbott Labs.*, 106 F.R.D. 461, 464 (D.R.I. 1985)); *Keith v. Van Dorn Plastic Machinery Co.*, 86 F.R.D. 458, 460 (E.D. Pa. 1980) (holding that a

reasonable fee should cover the expert's time spent complying with the requested discovery).

The time an expert spends being deposed is always compensable. *See Mannarino*, 218 F.R.D. at 374 (citing Fed. R. Civ. P. 26(b)(4)(C); Fed. R. Civ. P. 26(b)(4)(A)).[5] Additionally, courts in the Second Circuit have found compensable a number of other activities that an expert undertakes in connection with a deposition, such as "fees for an expert's travel time along with the expert's out-of-pocket expenses." *Feliciano v. Cty. of Suffolk*, 246 F.R.D. 134, 137 (E.D.N.Y. 2007) (citing Fed. R. Civ. P. 26(b)(4)(E)) (collecting cases).

A.  Time Spent Preparing for Deposition

Time spent preparing for a deposition is also ordinarily compensable. *See Kreyn*, 2008 WL 2946061, at *1; *see also E.E.O.C. v. Johnson & Higgins, Inc.*, No. 93-CV-5481 (LBS) (AJP), 1999 WL 32909, at *1 (S.D.N.Y. Jan. 21, 1999) (collecting cases). Courts have recognized, however, that, with respect to deposition preparation time, Rule 26(b)(4)(E) should be applied with caution "since that time usually includes much of what ultimately is trial preparation work for the party retaining the expert." *Constellation Power Source, Inc. v. Select Energy, Inc.*, No. 04-CV-983 (MRK), 2007 WL 188135, at *8 (D. Conn. Jan. 23, 2007) (citing 8A Wright & Miller, *Federal Practice & Procedure* § 2034, at 471 (3d ed. 2005)). "The underlying purpose of Rule 26(b)(4)(E) is . . . to prevent one party from unfairly obtaining the benefit of the opposing party's expert's work free of cost." *Nnodimele*, 2015 WL 4461008, at *1 (quoting *Cottrell v. Bunn-O-Matic Corp.*, No. 3:12-CV-1559 (WWE), 2014 WL 1584455, at *1 (D. Conn. Apr. 21, 2014)). But by

---

[5] The Court notes that "Former Rules 26(b)(4)(B) and (C) have been renumbered (D) and (E) . . . ." (Fed. R. Civ. P. 26 advisory committee's notes to 2010 amendment.) Therefore, references to Rule 26(b)(4)(C) from before 2010 should be treated as references to Rule 26(b)(4)(E).

compelling the deposing party to pay the opposing party's expert for what is ultimately

trial preparation, a court could create a windfall for their adversary, in contravention of

the equitable spirit of the Rule. Courts in this district have accordingly held "that [Rule

26(b)(4)(E)] encompasses a reasonable fee for time spent by an expert preparing for

deposition, but not for the time the expert spent preparing the attorney who retained

him." *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 647 (E.D.N.Y. 1997).[6]

## B. Excessive Preparation

Time spent preparing for a deposition is not compensable to the extent that the

preparation is excessive. *See Nnodimele*, 2015 WL 4461008, at *5–6. Accordingly, as a

general rule, "[w]hile a party may contract with any expert it chooses, the court will not

automatically tax the opposing party with any unreasonable fees charged by the

expert." *Reit v. Post Props., Inc.*, No. 09-CV-5455 (RMB) (KMF), 2010 WL 4537044, at *2

(S.D.N.Y. Nov. 4, 2010). In order to decide whether the amount of time an expert

witness charges in preparation for a deposition is excessive, courts consider the

complexity and quantity of the materials that are necessary to review. *See, e.g.*,

*Nnodimele*, 2015 WL 4461008, at *5; *Mannarino*, 218 F.R.D. at 376. With respect to expert

witnesses, who generally must provide a written report under Rule 26(a)(2)(B), such

necessary materials may include their own report, as well as any underlying research.

*See Nnodimele*, 2015 WL 4461008, at *5 ("[I]t is not unreasonable for an expert, who is to

be cross-examined at a deposition about opinions expressed in a report, to review the

underlying materials on which those opinions are based.").

---

[6] Other jurisdictions are in agreement. *See, e.g., Ndubizu v. Drexel Univ.*, No. 07-CV-3068, 2011 WL 6046816, at *7 (E.D. Pa. Nov. 16, 2011) (concluding plaintiff need not pay defendants' expert for the five hours he spent with defense counsel, as there was a "risk" that it was merely trial preparation), *report and recommendation adopted*, 2011 WL 6058009 (E.D. Pa. Dec. 6, 2011); *Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45, 47 (N.D. Ill. 1989) ("One party need not pay for the other's trial preparation.").

Duplicative review of the case record and relevant materials may, however, be deemed to be excessive if such review is not necessary to refresh the expert in preparation for deposition. *See id.* at *5; *Mannarino*, 218 F.R.D. at 376. On the one hand, as the court in *Magee* noted, compensating experts for preparation time "actually facilitates the deposition process by avoiding repeated interruptions to enable the witness to refresh his recollection by consulting relevant medical records, or . . . the witness's expert report." *Magee*, 172 F.R.D. at 647. In *Mannarino*, however, the court found that redundant review of materials may be deemed excessive; specifically, the court noted the significance of the fact that, while preparing for the deposition, the expert "did not review anything that he had not already reviewed in preparing the report." *Mannarino*, 218 F.R.D. at 376; *see also Nnodimele*, 2015 WL 4461008, at *5 ("While [the expert] need not merely review his report and contemporaneous notes as defendants suggest, the latter, duplicative record review appears to be excessive . . . ."). Accordingly, if duplicative review is not necessary to refresh the expert's recollection, it may be deemed excessive and non-compensable.

Moreover, courts may, in their discretion, limit the obligation of the deposing party to compensate an expert for preparation time under Rule 26(b)(4)(E) if the court finds that the moving party has not met its burden to show the reasonableness of the fee. *See Reit*, 2010 WL 4537044, at *2 (holding that, where the moving party has failed to show the requested fee is reasonable, "the court may use its discretion to determine a reasonable fee" (citing *Solvent Chem. Co.*, 210 F.R.D. at 468)); *see also, e.g., Heiser v. Collorafi*, No. 14-CV-464, 2016 WL 1559592, at *3 (N.D.N.Y. Apr. 18, 2016) (reducing from five and a half hours to three hours, where the deposition lasted two hours); *Nnodimele*, 2015 WL 4461008, at *6 (reducing compensable preparation time from fourteen hours to ten hours in light of eight hours of deposition time and the fact that

the issues were not especially complex); *Mannarino*, 218 F.R.D. at 376 (reducing from eight to four hours, where deposition lasted one hour and five minutes); *Johnson & Higgins, Inc.*, 1999 WL 32909, at *2 (reducing compensable preparation time from twenty-three hours to thirteen hours where the expert was deposed for thirteen hours). *Cf. Silberman v. Innovation Luggage, Inc.*, No. 01-CV-7109 (GEL) (DF), 2002 WL 1870383, at *2 (S.D.N.Y. Aug. 13, 2002) (finding eight hours of preparation for a six and a half hour deposition reasonable); *Lamere v. New York State Off. for the Aging*, 223 F.R.D. 85, 93 (N.D.N.Y. 2004) (finding one and a half hours of preparation reasonable for less than four hours spent testifying at a deposition), *aff'd*, No. 03-CV-0356, 2004 WL 1592669 (N.D.N.Y. July 14, 2004).

## II. Plaintiffs' Requested Fees are Unreasonable

In his affidavit, Dr. Greenberg requests $40,185 in payment for costs related to his deposition. Dr. Greenberg breaks down the fee as follows: $22,185 for the first invoice; $9,000 for the first deposition; and $9,000 as a pre-payment for his second deposition. (Greenberg Aff., ECF No. 54, ¶ 12.) Dr. Greenberg "is, of course, entitled to a reasonable hourly rate of compensation for 'the hours actually expended in connection with a deposition.'" *Korabik*, 310 F.R.D. at 208 (quoting *Kreyn*, 2008 WL 2946061, at *1). The issue before the Court is whether Plaintiffs have met their burden to establish that the requested fee is reasonable. The Court finds that they have not.

As a threshold matter, this Court notes, and Plaintiffs concede,[7] that the flat fee requested by Dr. Greenberg is unreasonable. What remains is a dispute about hours:

---

[7] At the October 26, 2021 hearing, it eventually became clear that Plaintiffs were not maintaining the position that Defendants should be compelled to pay all of the $40,185 fee requested in Dr. Greenberg's affidavit. (*See* Oct. 26, 2021 Tr., ECF No. 55, at 24:4–6 ("I'm not asking for the defense to pay the $40,000. I'm asking them to pay the original bill that the doctor submitted. I think that would be fair.").)

Plaintiffs argue that Dr. Greenberg's invoice for 49.3 hours of deposition preparation is reasonable under the circumstances. (Oct. 26, 2021 Tr., ECF No. 55, at 28:15–18.) Defendants strongly disagree. (*See id.* at 58:11–16.) Neither party disputes that the requested rate of $450 an hour is appropriate given Dr. Greenberg's experience and credentials, and the going rates for experts with similar expertise. (*See* NYU Resp., ECF No. 52, at 3; Gov. Opp'n, ECF No. 53, at 6 n.8.)

Defendants' objections to paying the full invoice for 49.3 hours are two-fold. First, they argue that many of invoiced activities are not properly characterized as deposition preparation. (*See, e.g.*, Sept. 2021 Email Exchange, ECF No. 50-3, at 1.) Indeed, Defendants contend that much of the work Dr. Greenberg included on the invoice is more fairly categorized as trial preparation. (*See* NYU Resp., ECF No. 52, at 3; Gov. Opp'n, ECF No. 53, at 6.) Second, they argue that the 49.3 hours is excessive given the amount of material Dr. Greenberg claims to have reviewed. (*See* NYU Resp., ECF No. 52, at 3; Gov. Opp'n, ECF No. 53, at 4, 6; Oct. 26, 2021 Tr., ECF No. 55, at 42:24–43:4.)

As discussed above, Plaintiffs bear the burden of demonstrating that the fee sought is reasonable. *See Solvent Chem. Co.,* 210 F.R.D. at 468. At issue here is whether Dr. Greenberg's fees were "for time spent by an expert preparing for deposition," or time spent reformulating his expert opinion and preparing for trial. *Magee*, 172 F.R.D. at 647. To the extent Dr. Greenberg's time was spent in preparing for deposition, the Court must determine whether his amount of preparation time — and consequently, his fee — is reasonable.

Plaintiffs argue that the 49.3 invoiced hours are all appropriately compensable as deposition preparation because the case is not necessarily going to trial (*see* Oct. 26, 2021 Tr., ECF No. 55, at 71:19–23), and "because the only reason why this invoice was produced is because of the deposition." (*Id.* at 62:15–16.) However, Plaintiffs appear to

conflate what activity is incidental to preparing for a deposition with what activity constitutes trial preparation and formulation (or, in this case, reformulation) of an expert opinion. As the court in *Nnodimele* noted, "Plaintiff's argument that the meetings could not constitute trial preparation because the District Court had not yet set a trial date exalts form over substance." 2015 WL 4461008, at *4 n.2.

More granularly, Plaintiffs aver that they asked Dr. Greenberg to "prepare for the deposition, which would include questions on" the following: (1) "Review and *analysis*" of testimony offered by five defendants; (2) "Review and *analysis*" of testimony offered by two expert witnesses; (3) "Review and *analysis*" of reports prepared by three expert witnesses (including Dr. Greenberg); (4) Evaluation and usage of the injury causing instrumentality; (5) Photographs of the injury; and most significantly, (6) "*Relevant scientific research on the injury and how that research rebuts the assertions of the defense.*" (Pls.' Reply, ECF No. 54, at 4–5 (emphasis added).) Significantly, the timeline established by the record in this case indicates that, in anticipation of the noticed deposition, Dr. Greenberg spent many hours reviewing and analyzing various relevant documents and materials *for the first time*.

For instance, Dr. Greenberg recorded spending twelve hours "reviewing" the depositions of Dr. Shahem, Dr. Besson, Dr. Ibragimov, and Dr. Silverstein on June 16 and 17, 2021 (Greenberg Invoice, ECF No. 50-2, at 2), which deposition transcripts he had received from counsel on June 15, 2021 (*see* Greenberg Dep., ECF No. 52-1, at 83:25–84:9). Similarly, after Dr. Greenberg received a relevant medical article from counsel on June 3, 2021, he recorded nine hours of casework on June 7, 2021, including review of the article. (*See id.*, at 85:19–24; Greenberg Invoice, ECF No. 50-2, at 1.) Accordingly, as Defendants argued at the October 26, 2021 motion hearing, Dr. Greenberg "essentially said that was the first time he reviewed those materials." (Oct. 26, 2021 Tr., ECF No. 55,

at 56:22–23; *see also* Greenberg Aff., ECF No. 54, ¶ 5 (stating that Dr. Greenberg advised Plaintiffs' counsel on July 27, 2021, that "the preponderance of information used to form an expert opinion on this matter was sent to [him] well after the initial intake preliminary report").)

It would be inappropriate and unfair to require Defendants to bear the full cost of Dr. Greenberg's review of all of the case materials produced after December 16, 2019, the date of his original expert report. That is not to suggest that review of materials beyond his own written report would have been unreasonable *per se*, but the record shows that Dr. Greenberg was not simply preparing for deposition by re-familiarizing himself with materials upon which his expert report was founded. Rather, it shows that Dr. Greenberg was reformulating his expert opinion in light of his review of the more fully developed case record — in other words, preparing his revised expert report and his testimony for the rigors of trial.[8]

It is the Plaintiffs' burden to show that the line items comprising Dr. Greenberg's first invoice were for deposition preparation and not case or trial preparation, which are

_____

[8] Specifically, at his deposition, Dr. Greenberg stated that he received additional materials after he authored his original report, including "Dr. Hoskins's report, the depo; Dr. Ellison's report; transcripts from Ellison and Hoskins transcripts, if I may, from Shahem, Ryan, Besson, Ibragimov, Silverstein; the [relevant medical] article," as well as Dr. Rosenblatt's report and the photographs taken by one of the Plaintiffs. (Greenberg Dep., ECF 52-1, at 33:9–34:5.) It was sometime after review of these new materials that Dr. Greenberg became aware of "edits" he needed to make to his own expert report. (*See, e.g., id.* at 37:17–20, 39:2–16.) Further bolstering Defendants' argument that Dr. Greenberg's invoice reflects his initial review of the case materials is the fact that Dr. Greenberg testified at his deposition that he would be "be charging [Plaintiffs' counsel] approximately $17,000 more or less for work that [he had] performed since December or January of 2021," and adding that it would "[p]robably" be more. (*Id.* 30:17–23.) The first invoice sent to Defendants listed $20,700 in charges prior to the taking of Dr. Greenberg's deposition on July 28, 2021. (*See* Greenberg Invoice, ECF No. 50-2, at 1–3.) The most obvious inference is also the simplest: the work done by Dr. Greenberg for Plaintiffs is coextensive with much of the purported deposition preparation work included in the first invoice. This also explains why Dr. Greenberg did not separately invoice Plaintiffs for any non-deposition-related work during the months leading up to his deposition. (*See* Oct. 26, 2021 Tr., ECF No. 55, at 66:5–8.)

not compensable under Rule 26(b)(4)(E). After a thorough review of the procedural history and filings in this case, Dr. Greenberg's deposition transcript, Dr. Greenberg's Affidavit, the parties' briefing, and extensive oral argument, the Court finds that Plaintiffs fail to meet their burden to demonstrate that all of the work documented in Dr. Greenberg's original invoice is compensable by Defendants. Plaintiffs' argument that Dr. Greenberg's in-depth review of all the documents in the case was necessary prior to deposition — or as Plaintiffs put it, that it would have been irresponsible for Dr. Greenberg to forgo this review because his reputation was "on the line" — misses the mark. (Oct. 26, 2021 Tr., ECF No. 55, at 28:5.)

Dr. Greenberg certainly is entitled to reasonable compensation for his review of relevant documents prior to deposition, but that does not extend to his initial review of all of the relevant documents and the formulation of his expert opinion. If Plaintiffs' view of Rule 26(b)(4)(E) carried the day, parties in civil actions would have an incentive to delay preparing their expert until the eleventh hour in order to shift a substantial financial burden to their opponent under the guise of deposition preparation. Plaintiffs offer no authority supporting such an expansive view of the Rule. Accordingly, Plaintiffs have failed to carry their burden of showing that all of the 49.3 hours were purely "for time spent by an expert preparing for deposition." *Magee*, 172 F.R.D. at 647.

Finally, the Court notes that even if Plaintiffs were able to show that Dr. Greenberg was simply refreshing on things he had previously reviewed, tending to demonstrate that the requested fee was based on hours more squarely devoted to deposition preparation, the number of hours Plaintiff is claiming as preparation time

would be deemed excessive given the amount of time it took Defendants' experts to review largely the same body of materials before their depositions.[9]

## III. Plaintiffs' Expert is Entitled to a Reasonable Fee

While it is clear that the entirety of the 49.3 hours included in Dr. Greenberg's original invoice was not limited to deposition preparation within the meaning of Rule 26(b)(4)(E), it is equally apparent that some of Dr. Greenberg's time is compensable by Defendants. The fact that Dr. Greenberg reviewed largely the same documents prior to his deposition as the Defendants' experts reviewed in anticipation of theirs is alone reason to conclude that much of this review was reasonable. While the documents necessary for review were not especially complex, the amount of materials was substantial.[10] Some review of these materials would likely have furthered the purpose of the rule by obviating the need for Dr. Greenberg "to refresh his recollection" during his deposition. *Magee*, 172 F.R.D. at 647. As the court noted in *Johnson & Higgins, Inc.*, "what is reasonable preparation cannot depend in hindsight on the deposition's brevity." 1999 WL 32909, at *2.

Defendants argue, generally, that "in the absence of clarity on whether an entry was related to deposition preparation," Plaintiffs should bear the cost because they are unable to carry their burden. (Oct. 26, 2021 Tr., ECF No. 55, at 73:11–19.) To an extent, Defendants are correct. Plaintiffs' failure to carry their burden means Defendants are

---

[9] According to his invoice, Dr. Greenberg spent twelve hours reviewing the depositions of the fact witnesses alone. (Greenberg Invoice, ECF No. 50-2, at 2.) By comparison, Dr. Iffath Hoskins, M.D, reported around eight hours of deposition preparation in total. (Hoskins Invoice, ECF No. 53-7, at 4; Oct. 26, 2021 Tr., ECF No. 55, at 43:4–6, 47:14–15.) Dr. Hoskins's review included review of medical records, the depositions of the fact witnesses, and photos taken by various parties. (Hoskins Invoice, ECF No. 53-7, at 4.)

[10] Dr. Greenberg reviewed in excess of 700 pages of depositions ahead of his deposition. (*See* Oct. 26, 2021 Tr., ECF No. 55, at 46:1–11.)

14

not obligated to compensate the expert for all of the time claimed. But this does not mean that Defendants' obligation to compensate Dr. Greenberg for deposition preparation will be reduced to zero. Much like the risk of overcompensation, the risk of under-compensation also threatens to frustrate Rule 26(b)(4)(E)'s purpose of "prevent[ing] one party from unfairly obtaining the benefit of the opposing party's expert's work free of cost." *Nnodimele*, 2015 WL 4461008, at *1. For those instances where the Court finds that Plaintiffs have not met their burden to show that a line item in Dr. Greenberg's invoice is reasonable, "the court may use its discretion to determine a reasonable fee." *Solvent Chem. Co.*, 210 F.R.D. at 468; *see also Korabik*, 310 F.R.D. at 206.

The entries Defendants challenge as unrelated or excessive can be grouped into four general categories: (1) entries reflecting Dr. Greenberg's conferences with Plaintiffs' counsel (16 hours); (2) entries reflecting Dr. Greenberg's initial review of materials (the depositions of the fact and expert witnesses, as well as the expert reports, a relevant medical article, and review of a *Daubert* article (28.5 hours); (3) entries reflecting Dr. Greenberg's duplicative review of materials (review of his own report and images) (3.5 hours); and (4) entries reflecting Dr. Greenberg's administrative activities unrelated to preparation, including a call to Morgan Stanley and sending an email regarding the deposition's start time (1.3 hours). (*See generally* Greenberg Invoice, ECF No. 50-2; NYU Resp., ECF No. 52, at 4–6; Sept. 2021 Email Exchange, ECF No. 50-3, at 9–10.)

A. Phone Conferences

Defendants object to the fourteen hours that Dr. Greenberg invoiced related to phone calls with Plaintiffs' counsel. (*See* NYU Resp., ECF No. 52, at 5; Gov. Opp'n, ECF No. 53 at 5–6.) Notably, Defendants do not cite any authority, and the Court did not locate any, indicating that conferences between an expert and the retaining counsel are presumptively non-compensable. Rather, courts draw a more nuanced line, holding

that "[Rule 26(b)(4)(E)] encompasses a reasonable fee for time spent by an expert preparing for deposition, but not for the time the expert spent preparing the attorney who retained him." *Magee*, 172 F.R.D. at 647. In many cases, it may be reasonable for an expert to conference with the attorney who retained them in order to become acquainted with the deposition process. The determinative factor is the underlying purpose for counsel and the expert's conference. *See Constellation Power Source, Inc. v. Select Energy, Inc.*, No. 3:04-CV-983 (MRK), 2007 WL 188135, at *8 (D. Conn. Jan. 23, 2007) (cautioning that preparation time should be compensated judiciously, "since that time usually includes much of what ultimately is trial preparation work for the party retaining the expert").

This Court agrees with Defendants insofar as it finds that Dr. Greenberg's phone conferences with counsel in this case are largely not compensable under Rule 26(b)(4)(E). The calls at issue include three two-hour calls between Dr. Greenberg and Plaintiffs' counsel on June 10, 2021, June 11, 2021, and June 24, 2021, as well as a five-hour call on July 27, 2021, the day before Dr. Greenberg's scheduled deposition. (Greenberg Invoice, ECF No. 50-2, at 1–2.) In addition, there were two calls on August 5, 2021 and September 2, 2021, respectively, totaling three hours. (*Id.* at 2.) In addition to fourteen hours worth of phone calls, Dr. Greenberg's invoice includes a line item for two hours on June 22, 2021, indicating time spent on phone conference preparation in anticipation of the June 24, 2021 call with Plaintiffs' counsel. (*Id.*)

As to the June 2021 calls, and the calls following the deposition, the Court finds that only a portion of the June 10, 2021 call, which specifically mentions review of an article and discussion with Plaintiffs' counsel "in preparation for deposition," to be partially compensable, and will direct Defendants to pay for one hour of that call. However, Plaintiffs have failed to meet their burden to establish that the remaining calls

in June, the June 22, 2021 line item reflecting preparation for a call, and the calls after the deposition, are compensable as deposition preparation.

The July 27, 2021 conference presents a closer question — this call lasted five hours and was the day before Dr. Greenberg's scheduled deposition. (*See* Greenberg Invoice, ECF No. 50-2, at 2.) In determining whether this call is partially or fully compensable, the Court is most persuaded by Plaintiffs counsel's own argument. At oral argument, Plaintiffs' counsel described the phone conference with Dr. Greenberg on July 27, 2021, as a practice question-and-answer session[11] — a kind of preparation work that the *Nnodimele* court described as a form of trial preparation (but which also may be appropriate deposition preparation if not unduly excessive). *See Nnodimele*, 2015 WL 4461008, at *4. Although Dr. Greenberg recorded the call as "[d]eposition prep," there is no other indication that this conference was conducted in order to familiarize Dr. Greenberg with the deposition process. (Greenberg Invoice, ECF No. 50-2, at 2.) The Court further notes that Dr. Greenberg has prior experience as an expert witness (*see* Greenberg Aff., ECF No. 54, ¶¶ 5, 8, 11), lessening the need for Plaintiffs' counsel to spend a substantial amount of time familiarizing him with the deposition process. In addition, it was on July 27, 2021, that Dr. Greenberg advised Plaintiffs' counsel regarding the error he had discovered in his expert report and his reformulated opinion, which discussion is not properly compensable by Defendants as deposition preparation. (*See* Sept. 10, 2021 Transcript of Proceedings ("Sept. 10, 2021 Tr."), ECF No. 51, at 55:3–15.) Notwithstanding Plaintiffs' shortcomings in establishing that all five hours of the July 27, 2021 call were appropriate deposition preparation, the Court does

---

[11] Plaintiffs' counsel recalled that, in the July 27, 2021 phone conference with Dr. Greenberg, they discussed "how he should respond to matters, what were the likely elements of questioning that would be asked in various aspects . . . and what his response . . . would be." (*Id.*) (*See* Oct. 26, 2021 Tr., ECF No. 55, at 64:6–15.)

find it reasonable to infer that Dr. Greenberg and Plaintiffs' counsel discussed the deposition scheduled for the next day, and finds that two and a half (2.5) hours, or half of the time billed for the call, is compensable. For all of these reasons, out of the sixteen hours billed for telephone calls and preparation for calls between Dr. Greenberg and Plaintiffs' counsel, the Court finds that three and a half (3.5) hours are compensable as deposition preparation.

B. Dr. Greenberg's Initial Review of Materials

Defendants also contend that a portion of Dr. Greenberg's charges for 28.5 hours to review materials — and in particular his review of the depositions of the expert and fact witnesses — are not compensable because these were his initial reviews. (*See* NYU Resp., ECF No. 52, at 4, 6.) This Court agrees with Defendants, but only to the extent that Dr. Greenberg's review constituted case preparation. Defendants cite the *Heiser* case, in which the court found "the fact that the expert's review of his report in preparation for the deposition may have resulted in changes in his testimony or his position" made a portion of the expert's fee for deposition preparation unreasonable. 2016 WL 1559592, at *3 (reducing compensable time for deposition preparation from five and a half hours to three hours). Like the expert in *Heiser*, the record here makes clear that Dr. Greenberg reformulated his opinion while reviewing the case file in anticipation of the deposition on July 28, 2021, which included his review of many materials that were new to him. (*See* Greenberg Aff., ECF No. 54, ¶¶ 5–6.) The full fee for 28.5 hours for review of materials is, accordingly, unreasonable.

However, the Court finds that Dr. Greenberg's review of these materials is partially compensable as deposition preparation because it would have facilitated his recollection during the deposition and thereby furthered the purpose underlying Rule

26(b)(4)(E).[12] There is no doubt that Dr. Greenberg, like the Defendants' experts, had reason to believe that the materials were relevant to the case and that he would receive questions regarding them. Were he to completely forgo preparing, the deposition would certainly have stalled in order for him to review documents or look up information in the record. Because Dr. Greenberg largely reviewed the same records as the Defendants' experts — in addition to the expert depositions of those experts — the Court finds that eight and a half (8.5) hours of time to review the records is reasonable given the amount of preparation time billed by Defendants' experts.[13]

C. Duplicative Review of Materials

Similarly, the Court finds that while the three and a half hours Dr. Greenberg included in his invoice for reviewing his own reports and photos (*see* Greenberg Invoice, ECF No. 50-2, at 2) is excessive, some review of these materials was reasonable. Though "it is not unreasonable for an expert . . . to review the underlying materials on which [his] opinions are based," a three and a half hour, duplicative review of four photographs and a report that is less than two pages is not reasonable. *Nnodimele,* 2015

---

[12] The Court finds persuasive a similar case from the Southern District of Illinois. *See Ridgeway v. Wexford Health Sources, Inc.*, No. 18-CV-1970 (RJD), 2021 WL 1545975, at *2 (S.D. Ill. Apr. 20, 2021). In *Ridgeway*, the court observed that movant's expert had reviewed "hundreds of pages of additional records prior to his deposition, but after his report was drafted." *Id.* At the expert's deposition, the opposing party learned that the expert had amended his opinion based on these records. *Id.* The court held that "[o]rdering Defendants to pay for time spent by [the expert] reviewing previously un-reviewed records and forming new or amending his opinions is not intended under Rule 26" because the rule is "intended to [compensate] time spent refreshing the expert's memory regarding material already reviewed and opinions previously reached." *Id.* The court reduced the expert's compensable time from seven hours of preparation to two hours (or approximately 28%), based on a review of the expert's "report and supporting materials that he would have been required to review." *Id.*

[13] Both defense experts fully prepared for their depositions in under nine hours. (*See* Hoskins Invoice, ECF No. 53-7, at 4; Oct. 26, 2021 Tr., ECF No. 55, at 55:8–13, 73:5–10.) However, their depositions came earlier than Dr. Greenberg's, and so the record was somewhat less developed. Using these experts' time as a baseline, the court finds eight and a half (8.5) hours for Dr. Greenberg's review, or approximately 30% of this line item, to be reasonable.

WL 4461008, at *5. Given that Dr. Greenberg had authored the report around one and a half years earlier, however, the Court finds that one and a half hours of review would have been reasonable.

Accordingly, in total, the Court finds 13.5 hours of Dr. Greenberg's preparation time compensable by Defendants, to be billed at his usual rate of $450 an hour, in order to compensate Dr. Greenberg for 3.5 hours of telephone conferences, 8.5 hours for reviewing case materials, and 1.5 hours for reviewing his own report and photos.

D. <u>Administrative Tasks</u>

Lastly, Defendants aver that the final 1.3 hours included on Dr. Greenberg's invoice were for administrative activities unrelated to the deposition and are thus not compensable. Defendants contest the hour Dr. Greenberg spent contacting Morgan Stanley in order to set up a wire transfer, but the Court notes that was done to accommodate payment in the manner required by the Government. (*See* Oct. 26, 2021 Tr., ECF No. 55, at 53:4–8.) Defendants also contest the .3 hours Dr. Greenberg recorded for emailing Plaintiffs' counsel about the deposition start time. (*Id.* at 51:8–18.) As noted above, "district courts in the Second Circuit have consistently held that time spent by an expert preparing for a deposition is compensable under Rule 26(b)(4)(C)," and that "time spent traveling to and from the deposition, and the expenses incurred during travel, so long as they are reasonable, are compensable under Rule 26(b)(4)(C)." *Solvent Chem. Co.*, 210 F.R.D. at 471, 472. "The general rule . . . is that compensation for travel time should be half the regular hourly amount charged." *Mannarino*, 218 F.R.D. at 377.

As a practical matter, the Court sees little difference between expenses incurred by an expert who must travel to a deposition and expenses incurred by an expert who must complete administrative tasks to ensure that the deposition goes forward and that he is compensated for it. While there is a dearth of case law on the specific expenses at

issue here, other courts have held that an "expert certainly should be reimbursed for any time during which he was unavailable to do other work, such as time spent waiting at the deposition." *McHale v. Westcott*, 893 F. Supp. 143, 151 (N.D.N.Y. 1995); *see also Mannarino*, 218 F.R.D. at 376–77 (holding that where the expert was given a choice between waiting and returning as the result of a "double booking," the deposing party was responsible for the additional disruption of time). Like the expert in *Mannarino,* Dr. Greenberg expended his time calling Morgan Stanley in order to facilitate his deposition payment according to the Defendants' procedures. (*See* Oct. 26, 2021 Tr., ECF No. 55, at 66: 24–25, 67:1–7.) In this case, an exception to the rule that experts should be compensated for time expended in connection with their deposition would only invite abuse. The Court finds, however, that both the one-hour Morgan Stanley call and the .3 hours purportedly expended emailing Plaintiffs' counsel about the deposition's start time are slightly excessive. Therefore, the Court finds that a total of one hour, billed at half of Dr. Greenberg's usual rate, i.e., $225, is compensable as a reasonable fee for these administrative tasks.

## IV. Defendant's Motion for Reconsideration

Dr. Greenberg's amended report is the subject of a prior, decided motion (*see* ECF No. 46) and the Government and NYU now cross-move for reconsideration of the Court's determination not to preclude it. (Gov. Opp'n, ECF No. 53, at 1, 7–9; NYU Resp., ECF No. 52, at 1, 7–8.) As indicated at the October 26, 2021 hearing, the Court denies the motion for reconsideration. (Oct. 26, 2021 Tr., ECF No. 55, at 39:12–15.) As discussed on the record at oral argument on September 10, 2021, after briefing and extensive oral argument, the Court concluded that Plaintiffs' failure to timely supplement the expert report was not a purposeful violation of the discovery order in this case, and was neither an exercise of bad faith nor an effort to engage in sandbagging. (*See* Sept. 10,

2021 ECF Minute Entry and Order (citing *American Friends of Yeshivat Ohr Yerushalayim, Inc. v. United States of America*, No. 04-CV-1798 (CPS) 2009 WL 1617773, at *6 (E.D.N.Y. June 9, 2009)).) In addition, the Court found that the opinions offered by Plaintiffs' expert are critical evidence that go to the heart of Plaintiffs' case, and that the potential prejudice to Defendants was not sufficient to justify preclusion of important evidence because any prejudice was curable with additional discovery. (*Id.*) Accordingly, on balance, the Court determined that the "extreme sanction" of preclusion was not warranted on the record of this case. (*Id.* (citing *Outley v. City of New York*, 837 F.2d 587, 590 (2d Cir. 1988)).)

A motion for reconsideration may be granted where the moving party shows that the court overlooked controlling law or facts that, had they been considered, would have altered the disposition of the underlying motion. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration may also be "granted to correct clear error, prevent manifest injustice, or review the court's decision in light of the availability of new evidence." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003). Defendants have not offered any new controlling law, facts, or evidence that warrant reconsideration of the Court's conclusion that the "extreme sanction" of preclusion is inappropriate. (*See generally* Gov. Opp'n, ECF No. 53; NYU Resp., ECF No. 52.) Defendants' motion for reconsideration is therefore denied.

\*   \*   \*   \*   \*

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiffs' motion to compel payment of expert witness fees in part and denies it in part. The Court directs Defendants to pay $6,075 ($450/hour x 13.5 hours) for Dr. Greenberg's deposition preparation and $225 ($225/hour x 1 hour) for additional administrative time expended in connection with the deposition proceedings, totaling $6,300. In addition, the Court denies the cross-motion for reconsideration of Defendants' motion to preclude Dr. Greenberg's amended expert report.

**SO ORDERED.**

Dated: Brooklyn, New York
     January 28, 2022

_Taryn A. Merkl_
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE