UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STACEY MENDEZ-CATON and ALISTER CATON,

Plaintiffs,

-against-

UNITED STATES OF AMERICA, NYU LANGONE HEALTH, and JENNA SILVERSTEIN, M.D.,

Defendants.

---

**MEMORANDUM AND ORDER**
**19-cv-1599(DLI)(TAM)**

**DORA L. IRIZARRY, United States District Judge:**

On March 20, 2019, Stacey Mendez-Caton ("Mendez-Caton") and Alister Caton ("Alister") (collectively, "Plaintiffs") initiated this action against Gail Besson, M.D. ("Dr. Besson"), Flatbush Caribbean Family Health ("FCFH"), and the United States Department of Health and Human Services ("HHS"), alleging medical malpractice and loss of consortium, society, and companionship claims. *See*, Complaint, Dkt. Entry No. 1. This action then was consolidated with a separately filed action on October 4, 2019, and Jenna Silverstein, M.D. ("Dr. Silverstein"), Sam Shahem, M.D. ("Dr. Shahem"), Raisa Ibragimov, M.D. ("Dr. Ibragimov"), NYU Langone Health ("NYU Langone"), and the United States of America (the "USA") were added as Defendants. *See*, Dkt. Entry No. 16 (consolidating *Mendez-Caton et al. v. Besson, M.D. et al.*, 19-cv-5066 with this action). Plaintiffs' claims against Dr. Besson, FCFH, HHS, Dr. Shahem, and Dr. Ibragimov were dismissed, leaving the USA, NYU Langone, and Dr. Silverstein (collectively, "Defendants"). *See*, Electronic Order dated May 6, 2022; Minute Entry dated July 15, 2022. The operative complaint was filed on July 16, 2022. *See*, Am. Complaint, Dkt. Entry No. 75. Defendants answered the complaint on July 18 and July 21, 2022.

*See*, Dkt. Entry Nos. 78, 80.

On December 2, 2024, the USA filed a fully briefed motion for summary judgment or, alternatively, to dismiss for lack of subject matter jurisdiction Alister's claims for loss of consortium, society, and companionship against the USA. *See*, Mot., Dkt. Entry No. 139. Alister opposed. *See*, Opp'n, Dkt. Entry No. 140. The USA replied. *See*, Reply, Dkt. Entry No. 142. For the reasons set forth below, the USA's motion to dismiss for lack of subject matter jurisdiction is granted, and Alister's loss of consortium claims against the USA are dismissed.

## BACKGROUND

### I. Local Civil Rule 56.1 – Facts and Evidence Considered

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires that a party moving for summary judgment submit "a separate, short and concise statement, in numbered paragraphs" setting forth material facts as to which there is no genuine issue to be tried ("Rule 56.1 Statement"). *See*, Local Civ. R. 56.1(a). Similarly, a party opposing a motion for summary judgment shall submit papers that include "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried." *See*, Local Civ. R. 56.1(b). The facts set forth in the moving party's Rule 56.1 Statement will be deemed admitted "unless specifically controverted by a correspondingly numbered paragraph" in the opposing party's Rule 56.1 counterstatement. *See*, Local Civ. R. 56.1(c); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 72 (2d Cir. 2001). Each statement by the movant, or statement denying a material fact by the nonmovant, must be followed by citation to admissible evidence. *See*, Local Civ. R. 56.1(d).

The USA's Rule 56.1 Statement consists of 18 paragraphs that cite to admissible evidence. *See*, Rule 56.1 Statement, Dkt. Entry No. 139-2 ("USA's 56.1"). Alister's Rule 56.1 counterstatement consists of objections to nine paragraphs. *See*, Rule 56.1 Statement, Dkt. Entry No. 140-1 ("Alister's 56.1"). However, Alister's Rule 56.1 counterstatement is deficient because it fails to cite to any admissible evidence for the facts he claims are in dispute.[1] *Id.* Accordingly, the facts set forth in the USA's Rule 56.1 Statement are deemed admitted. *See*, *Hwangbo v. Kimganae, Inc.*, 2023 WL 2710669, at *2 (E.D.N.Y. Mar. 30, 2023) (citing Local Civ. R. 56.1(c)).

In reviewing this motion for partial summary judgment, the Court has considered only facts that have been established by admissible evidence and disregarded conclusory allegations and legal arguments contained in the Rule 56.1 Statements. *See*, *Holtz*, 258 F.3d at 73. The Court also has exercised its discretion to "conduct an assiduous review of the record" in order "to consider what the parties fail to point out in their Local Rule 56.1 Statements." *Id*. (internal quotation marks and citation omitted).

## II. Factual Background

On September 5, 2017, Plaintiff was admitted to NYU Langone Hospital to deliver her child by caesarean section. *See*, Dkt. Entry No. 122-3 at 2-3 ("Mendez-Caton's Medical Records"). The procedure was performed by Dr. Besson who, after delivering the baby, "closed the Pfannensteil incision with running locked sutures, the fascia, with running sutures, and reapproximated the skin with staples." USA's 56.1 ¶ 5 (citing Mendez-Caton's Medical Records at 14-15). While Dr. Besson did not remember what Mendez-Caton's dressing actually consisted

[1] Moreover, Plaintiffs' counsel failed to date or sign Alister's memorandum of law in opposition or Alister's Rule 56.1 counterstatement. *See*, Opp'n at 6; Alister's 56.1 at 4. Counsel is admonished that Rule 11 requires that every written motion be "signed by at least one attorney of record in the attorney's name." Fed. R. Civ. P. 11(a). The Court presumes counsel's failure to sign these documents is a mere technical defect due to "inadvertence or excusable neglect" given that counsel's signature is present on prior filings, and the Court will consider the motion notwithstanding counsel's failure to comply with the clear requirements of Rule 11. *See*, *Brefo-Sarpong v. Walcott*, 2020 WL 4571823, at *1 (E.D.N.Y. Aug. 7, 2020).

of, she testified that, typically, the stapled incision would be "covered with a white Tefla pad and gauze dressing," and the dressing would be taped to the skin with silk tape. *See*, Deposition of Dr. Besson, Dkt. Entry No. 122-4 at 28:19-29:25, 34:2-34:10.

On September 7, 2017, Dr. Silverstein attempted to remove Mendez-Caton's wound dressing but was unable to, and small patches of skin were peeled off with the tape. *See*, Mendez-Caton's Medical Records at 8, 10. Medical records indicate that Dr. Silverstein: (1) discussed the tape removal with Dr. Shahem, a federally deemed employee and the attending physician; and (2) planned to apply adhesive dissolver to Mendez-Caton's wound dressing after Mendez-Caton took pain medication. *Id.* at 9-10. Then, Dr. Shahem applied the adhesive dissolver and removed the wound dressing without peeling off any additional skin. *Id.* at 10.

**III. Procedural Background**

On June 27, 2018, HHS received an administrative tort claim filed by Mendez-Caton alleging medical malpractice related to her skin injuries. *See*, Dkt. Entry 139-4 at 1. Plaintiffs subsequently filed the complaint in this action on March 20, 2019, alleging medical malpractice claims as to Mendez-Caton and loss of consortium, society, and companionship claims as to Alister. *See*, Complaint. Plaintiffs then filed a complaint in New York Supreme Court, Kings County, alleging the same claims. *See*, *Mendez-Caton*, 19-cv-5066, Dkt. Entry No. 1, Ex. A, ¶¶ 12-19. The state action was removed to federal court and consolidated with this action. *Mendez-Caton*, 19-cv-5066, Dkt. Entry No. 1, ¶¶ 4-7; *See also*, Dkt. Entry No. 16.

On September 17, 2019, Alister filed an administrative complaint with HHS alleging loss of consortium, society, and companionship stemming from Mendez-Caton's procedure at NYU Langone Hospital. *See*, Dkt. Entry No. 139-5. HHS denied Alister's claim on February 19, 2020. *See*, Dkt. Entry No. 139-6.

## LEGAL STANDARD

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction must be granted when the district court lacks the statutory or constitutional power to adjudicate the claim. *See*, *Morrison v. Nat'l Austrl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). When subject matter jurisdiction is challenged, the plaintiff bears the burden of establishing a factual basis for jurisdiction. *See*, *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Where, as here, discovery has been completed and a party has styled her motion as one for summary judgment, a court should "assess the sufficiency of [the 12(b)(1) motion] on the basis of what the record shows the evidence to be," and not solely based on the pleadings. *See*, *Miller v. Lamanna*, 169 F.4th 118, 125-26, 131 (2d Cir. 2026) (citing *Lugo v. City of Troy, New York*, 114 F.4th 80 (2d Cir. 2024)). Subject matter jurisdiction is a threshold issue and, thus, a district court must consider a challenge to subject matter jurisdiction before other grounds for dismissal. *See*, *Ullah v. Schrader*, 2024 WL 4198500, at *1 (E.D.N.Y. Sept. 16, 2024).

### II. Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). "A genuine factual dispute exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Truitt v. Salisbury*

*Bank & Tr. Co.*, 52 F.4th 80, 85 (2d Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If the moving party meets its initial burden of demonstrating the absence of genuine issues of material fact, "the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists." *Weg v. Macchiarola*, 995 F.2d 15, 18 (2d Cir. 1993). The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). Instead, the nonmoving party affirmatively must set out facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 250. "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Donnelly v. Greenburgh Cent. Sch. Dist. No. 7*, 691 F.3d 134, 141 (2d Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

"[W]here the nonmoving party bears the burden of proof as to a particular issue, the moving party may satisfy his burden under Rule 56 by demonstrating an absence of evidence to support an essential element of the nonmoving party's claim." *Binder v. Long Island Lighting Co.*, 933 F.2d 187, 191 (2d Cir. 1991). "Where the moving party has attempted to demonstrate that the nonmoving party's evidence is insufficient as a matter of law to establish his claim, the burden shifts to the nonmoving party to come forward with persuasive evidence that his claim is not 'implausible.'" *Id.*

**DISCUSSION**

The USA contends that Alister's claims for loss of consortium, society, and companionship pursuant to the Federal Claims Tort Act ("FTCA") are jurisdictionally barred because Alister failed to exhaust his administrative remedies prior to filing suit. *See*, USA's Memorandum of Law, Dkt.

Entry No. 139-1 at 4. As such, the USA seeks dismissal of Alister's claims pursuant to Rule 12(b)(1). *Id.* at 1.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The FTCA sets out a limited waiver of the sovereign immunity of the United States for "certain torts committed by federal employees." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). However, before a plaintiff may bring a claim in federal court pursuant to the FTCA, she must first bring the claim to the appropriate federal agency and "that agency must either make a final denial of the claim or fail to make a disposition on the claim within six months after it was filed. *See*, *Liriano v. ICE/DHS*, 827 F. Supp.2d 264, 269 (S.D.N.Y. 2011) (citing 28 U.S.C. § 2675(a)). As "[c]ompliance with the conditions under which the government has agreed to waive sovereign immunity is necessary for subject matter jurisdiction to exist," the FTCA's exhaustion requirement is "jurisdictional and cannot be waived." *Williams v. United States*, 947 F.2d 37, 39 (2d Cir. 1991); *Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

"The burden is on the plaintiff to . . . prove compliance with the FTCA's requirements." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987). "[I]f there are multiple claimants in the matter, each claimant must individually satisfy the jurisdictional prerequisite for filing a proper claim, unless another is a legal entity entitled to assert such a claim on their behalf." *Hodder v. United States*, 328 F. Supp.2d 335, 359 (E.D.N.Y. 2004). "A prematurely filed FTCA action must be dismissed even if a plaintiff's administrative remedies are exhausted while the action is pending." *Marks v. Blount-Lee*, 2017 WL 3098094, at *4 (E.D.N.Y. July 20, 2017) (collecting cases).

Here, it is clear that Alister failed to exhaust his administrative remedies prior to filing this action. Mendez-Caton filed her own administrative claim with HHS on June 27, 2018, which did not include Alister's loss of consortium claims. Then, Plaintiffs jointly filed this action on March 30, 2019, alleging medical malpractice as to Mendez-Caton and loss of consortium as to Alister. Plaintiffs subsequently filed another action in state court on March 18, 2019, alleging the same claims against, *inter alia*, the USA. However, Alister did not exhaust his FTCA claims until he filed an administrative claim with HHS and received notice in February 2020 that his claim had been denied, approximately 11 months after Plaintiffs filed their second lawsuit. As Alister's claims against the USA were filed before he exhausted his administrative remedies, they are jurisdictionally barred and must be dismissed. *See*, *Marks*, 2017 WL 3098094, at *4 (citing *McNeil v. U.S.*, 508 U.S. 106, 110 (1993)).

Nevertheless, Alister contends that: (1) the USA waived any argument regarding lack of subject matter jurisdiction by failing to raise it in prior motions; (2) the USA's conduct "lull[ed] plaintiff to sleep" such that it is proper to apply equitable tolling; and (3) even if equitable tolling does not apply, Alister should be granted 60 days to refile his claims in federal court pursuant to the Westfall Act. *See*, Opp'n at 3-5. Alister's arguments are without merit. First, it is black letter law that subject matter jurisdiction cannot be waived and may be raised at any time. *See*, *Celestine*, 403 F.3d at 82 (the FTCA's exhaustion requirement "is jurisdictional and cannot be waived"); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir. 1997) ("[A] challenge to subject matter jurisdiction cannot be waived and may be raised either by motion or *sua sponte* at any time.") (cleaned up).

Second, it is irrelevant whether Alister may or may not be entitled to equitable tolling. As the FTCA's exhaustion requirement is jurisdictional and cannot be waived, it is not subject to

equitable tolling. *See*, *Sisun v. United States*, 2019 WL 2163115, at *2 (E.D.N.Y. May 16, 2019 ("The FTCA's exhaustion requirement is jurisdictional and cannot be waived. However, the FTCA's filing deadlines are nonjurisdictional and subject to equitable tolling."). Furthermore, as the Court lacks subject matter jurisdiction over Alistair's claims against the USA, it cannot determine whether Alister complied with the FTCA's filing deadlines or whether equitable tolling is appropriate. *C.f. Gagliano v. United States*, 810 F. Supp.3d 369, 374-75 (E.D.N.Y. 2025) (analyzing whether to apply equitable tolling to the FTCA's statute of limitations where plaintiff had first exhausted her claims).

Finally, the Westfall Act is inapplicable here. Enacted in 1988, the Westfall Act provides that an action under the FTCA will be considered timely notwithstanding a plaintiff's failure to first exhaust his administrative remedies if: "(1) the claim would have been timely had it been filed on the date that the underlying civil action was commenced, and (2) the claim is presented to the relevant Federal administrative agency within sixty days *after* the dismissal of the civil action." *Celestine*, 403 F.3d at 83 (emphasis in original). Again, because the Court lacks subject matter jurisdiction due to Alister's failure to exhaust his claims before bringing this action, it cannot determine whether he timely pursued them pursuant to the FTCA's statute of limitations and the Westfall Act. *C.f. Id.* at 84 ("Under the FTCA, as amended by the Westfall Act, a plaintiff like Celestine can file an *administrative* claim within sixty days following the district court's dismissal, and her claim in federal court would be treated—for statute-of-limitations purposes—as if it had been filed on . . . the date that the original suit was filed in state court.") (emphasis in original).[2]

[2] Moreover, the Westfall Act would only provide a plaintiff 60 days to exhaust her administrative remedies and does not, as Alister suggests, provide a plaintiff 60 days to refile already exhausted claims in federal court. *C.f. Celestine*, 403 F.3d at 84 ("Celestine has concededly failed to exhaust her administrative remedies—even within sixty days after dismissal of her federal suit—as required by the Westfall Act.").

Thus, while Alister's administrative remedies would be exhausted if he refiled his suit today, "there can be no doubt that those remedies were unexhausted when he filed this suit," and therefore his claims must be dismissed. *Marks*, 2017 WL 3098094, at *5. Accordingly, Alister's claims against the USA are jurisdictionally barred under the FTCA and the Court lacks subject matter jurisdiction over them.

**CONCLUSION**

For the foregoing reasons, the USA's motion to dismiss for lack of subject matter jurisdiction is granted, and Alister's claims against the USA pursuant to the FTCA are dismissed.

SO ORDERED.

Dated: Brooklyn, New York
October 8, 2026

/s/
DORA L. IRIZARRY
United States District Judge